TAL M. GOLDIN
MICHELLE L. WELTMAN
DISABILITY RIGHTS MONTANA
1022 Chestnut St.
Helena, MT 59601
406-449-2344
tal@disabilityrightsmt.org
michelle@disabilityrightsmt.org
kristin@disabilityrightsmt.org

JASON H. KIM*
SCHNEIDER WALLACE COTTRELL
KONECKY, LLP
300 S. Grand Ave., Suite 2700
Los Angeles, CA 90071
213-835-1550
jkim@schneiderwallace.com

GERALD S. HARTMAN*
BARBARA MCDOWELL SOCIAL
JUSTICE CENTER
3607 Whispering Lane
Falls Church, VA 22041
703-919-0423
ghartmanlaw@gmail.com

JAMES D. JENKINS*
P. O. Box 6373
Richmond, VA 23230
804-873-8528
jjenkins@valancourtbooks.com

*Counsel for Plaintiffs*

*To be admitted pro hac vice*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA,
## HELENA DIVISION

| | |
|---|---|
| A.H., by and through her parent, L.H., and A.K, by and through his parent, V.B., on behalf of a class of those similarly situated, and<br><br>DISABILITY RIGHTS MONTANA,<br><br>Plaintiffs,<br><br>v.<br><br>SUSIE HEDALEN, in her official capacity as Montana Superintendent of Public Instruction; GREG GIANFORTE, in his official capacity as Governor of the State of Montana,<br><br>Defendants. | Civil No.: CV-25-20-H-DLC<br><br>**CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

1

Plaintiffs A.H., by and through her parent, L.H., and A.K, by and through his parent, V.B., on their own behalf and on behalf of a class of those similarly situated, and Disability Rights Montana, allege as follows against Susie Hedalen in her official capacity as Montana Superintendent of Public Instruction and Greg Gianforte in his official capacity as Governor of the State of Montana ("Defendants").

## INTRODUCTION

1.     This is a class action to establish the rights of Plaintiffs A.H. and A.K. and the class they seek to represent to a free appropriate public education ("FAPE") under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq*.

2.     This case involves two separate, but related, violations of the IDEA by the State of Montana; first, the denial of a FAPE to special education students between the ages of 19 and 22, and second, awarding special education students an alternative diploma not based on the standard curriculum.

3.     Plaintiff A.H. is an individual with a disability who turned eighteen in January 2025.

4.      A.H. currently receives services under the IDEA at Fergus High School in Lewistown, Montana as a "child with a disability." *See* 20 U.S.C. § 1401(3).

5.      Plaintiff A.K. is an individual with a disability who will turn 18 in September 2025.

6.      A.K. currently receives services under the IDEA at Glacier High School in Kalispell, Montana as a "child with a disability." *See* 20 U.S.C. § 1401(3).

7.      Montana law denies A.H. the chance to continue her education at the conclusion of the 2024-25 school year because she has turned eighteen.

8.      Montana law denies A.K the chance to continue his education at the conclusion of the 2025-26 school year because he will turn 19 before September 10 of the following school year. *See* Mont. Code Ann. § 20-5-101(1)(a).

9.      Mont. Admin. R. § 10.55.805(4) requires school districts to award high school diplomas to students who successfully complete the goals stated on a student's Individualized Education Program (IEP), even if they do not meet the standard graduation requirements outlined in Mont. Admin. R. § 10.55.905.

10.      Under the IDEA, Plaintiffs A.H. and A.K. are entitled to receive a FAPE until the age of 22 or until they earn a regular high school diploma. 20 U.S.C. § 1412(a)(1)(B), 34 C.F.R. § 300.102(a)(3)(i).

3

11.    Under the IDEA, a regular high school diploma "shall not be aligned to the alternate academic achievement standards described in section 1111(b)(1)(E) of the [Elementary and Secondary Education Act of 1965 (ESEA)]." 34 C.F.R. § 300.102(a)(3)(iv).

12.    Current Montana law only requires the provision of special education services to pupils under age 19, even though free public education services are available to non-special education adults of all ages. *See* Mont. Code Ann. §§ 20-7-411(2) and 20-7-702.

13.    Plaintiffs A.H. and A.K. would meaningfully benefit from additional special education and related services under the IDEA until their respective 22nd birthdays.

14.    Defendants' failure to provide Plaintiffs A.H. and A.K. a FAPE until their respective 22nd birthdays and Defendants' practice of awarding diplomas to special education students based on alternative academic achievement standards violate the IDEA.

## JURISDICTION AND VENUE

15.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs' claims arise under federal law, specifically the IDEA, 20 U.S.C. §§ 1400, *et seq*.

16.     This Court has jurisdiction to award declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Fed. R. Civ. P. 65.

17.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this district and the events and omissions giving rise to Plaintiffs' claims occurred in this district.

## PARTIES

18.     Plaintiff A.H. is an eighteen-year-old resident of Lewistown, Montana with an intellectual disability who is currently enrolled at Fergus High School.

19.     Plaintiff A.H. sues through her mother, L.H., because of her disabilities, and she sues under a pseudonym because this Complaint discloses specific information about her disabilities to which she has a right to privacy.

20.     Plaintiff L.H. is A.H.'s mother and sues under a pseudonym because disclosure of her identity would necessarily disclose the identity of A.H.

21.     Plaintiff A.K. is a seventeen-year-old resident of Kalispell, Montana with Down Syndrome and related cognitive and physical disabilities who is currently enrolled at Glacier High School.

22.     Plaintiff A.K. suesthrough his mother, V.B., because of his disabilities, and he sues under a pseudonym because this Complaint discloses specific information about his disabilities to which he has a right to privacy and, pursuant to F. R. Civ. P. 5.2(a)(3), because he is a minor.

5

23.    Plaintiff V.B. is A.K.'s mother and sues under a pseudonym because disclosure of her identity would necessarily disclose the identity of A.K.

24.    Plaintiff Disability Rights Montana is a nonprofit organization headquartered in Helena, Montana, whose mission, as the designated protection and advocacy system for Montana, is to protect and advocate for the human, legal, and civil rights of Montanans with disabilities while advancing dignity, equality, and self-determination.

25.    Defendant Susie Hedalen is the Montana Superintendent of Public Instruction. The Superintendent of Public Instruction oversees and is responsible for the Office of Public Instruction ("OPI") and has general supervision of the public schools and districts of the state of Montana. OPI is Montana's State Educational Agency as defined in 20 U.S.C. § 1401(32). The Superintendent of Public Instruction's responsibilities include "supervis[ing] and coordinat[ing] the conduct of special education in the state" and "ensuring that the requirements of the Individuals with Disabilities Education Act are met." Mont. Code Ann. §§ 20-3-106, 20-7-403.

26.    Defendant Greg Gianforte is the Governor of the State of Montana, in whom "the executive power is vested." Mont. Const. art. VI, § 4(1).

## FACTUAL ALLEGATIONS

As to Plaintiffs A.H. and A.K., the following facts are alleged upon information and belief:

27.    A.H. currently receives services pursuant to the IDEA.

28.    A.H. has been informed that her IDEA services will terminate at the conclusion of this school year.

29.    A.H. has been diagnosed with Attention-Deficit/Hyperactivity Disorder (ADHD), Oppositional Defiant Disorder (ODD), and Moderate Intellectual Disability.

30.    A.H.'s IEP lists her disability category as Cognitive Delay.

31.    On October 22, 2024, at A.H.'s IEP meeting, L.H. discussed A.H.'s current academic standing with the IEP team.

32.    A.H. has been assessed to read independently at a 1st-grade, 5th-month level, read with assistance at a 3.5 grade level, write at a 2nd–3rd grade equivalent, and complete math at a 3.8 grade equivalent.

33.    A.H.'s instructors told L.H. that A.H.'s peers were reading, writing, and doing math at a 12th-grade level.

34.    At this IEP meeting, L.H. was informed that A.H. is scheduled to graduate with her peers in the spring of 2025 due to her completion of stated IEP goals and accumulation of a sufficient number of credits for graduation, despite her

course of study and academic achievements not meeting standard curriculum requirements for graduation.

35.    When A.H. graduates, she will lose special education services provided by the school and the Yellowstone Boys and Girls Ranch, through which she is also currently receiving services.

36.    Due to the length of the waitlist, A.H. does not expect to be able to receive services through the Montana Health and Human Services Developmental Disabilities Program for approximately seven years.

37.    Even if A.H. is not issued the anticipated diploma in 2025, she will lose special education services in the next year anyway due to her turning 19 in January 2026.

38.    Because of A.H.'s disability she requires a supportive and structured environment to develop her academic and prevocational skills.

39.    A.K. currently receives services pursuant to the IDEA.

40.    Under current Montana law, A.K.'s IDEA services will terminate at the conclusion of the 2025–26 school year.

41.    Related to his Down Syndrome, A.K. experiences an intellectual disability, hearing and vision impairments, orthopedic impairments, and other disabilities.

42.    A.K.'s ability to communicate his needs and desires in spoken words is significantly impaired.

43.    A.K. communicates through the limited use of words, vocalizations, and gestures.

44.    A.K.'s IEP lists his disability category as Cognitive Delay.

45.    On March 31, 2024 Glacier High School conducted an IEP meeting for A.K.

46.    The IEP documents that A.K. is not currently enrolled in or expected to complete coursework during his remaining time at Glacier High School that will lead to a regular high school diploma.

47.    A.K.'s IEP is primarily aimed at non-academic pre-vocational and independent living skills, including basic number sorting tasks (e.g., sorting coins); independently using the bathroom; and eating independently.

48.    Compared to his same-age peers, A.K. is significantly delayed in the areas of self-help and independence.

49.    A.K. needs substantial support and experiences significant delays with social, emotional, and behavioral functioning. As of his last IEP, A.K. was only abled to follow 2-step instructions 25% of the time.

50.    According to A.K.'s IEP he is anticipated to "graduate" on June 1, 2026.

51.     A.K. will lose special education services provided by the school at the conclusion of the 2025–26 school year.

52.     Because of A.K.'s disabilities he requires a highly structured environment and daily schedule to develop his academic, independent living, social, emotional, behavioral, communication, and prevocational skills.

53.     Disability Rights Montana is the federally mandated civil rights protection and advocacy system ("P&A") for Montana, as that term is used in the Developmental Disabilities Assistance & Bill of Rights Act of 2000, 42 U.S.C. § 15041 *et seq.* (the "DD Act"), the Protection and Advocacy for Individuals with Mental Illness Act ("PAIMI Act"), 42 U.S.C. § 10801, *et seq.*, the Protection and Advocacy of Individual Rights Act ("PAIR Act"), 29 U.S.C. § 794e *et seq.*, and other federal laws.

54.     Under the DD Act, a state that accepts federal financial assistance for services with individuals with developmental disabilities is required to have "a system to protect and advocate the rights of individuals with developmental disabilities." 42 U.S.C. § 15043(a)(1).

55.     P&A systems were created to, among other things, pursue legal remedies "to ensure the protection of, and advocacy for, the rights of such individuals." 42 U.S.C. § 15043(a)(2)(A)(i).

56.   P&As are responsible for enforcing federal and state law on behalf of individuals with disabilities who otherwise would face challenging obstacles to enforcing their rights and protecting their interests.

57.   A P & A system may pursue administrative, legal, and other remedies on behalf of the individuals it protects and can enforce its own rights. *See* 42 U.S.C. §§ 10805(a)(1)(C), 15043(a)(2)(A)(i), 15044(b).

58.   The DD Act provides that, "[n]othing in this subchapter shall preclude a system from bringing a suit on behalf of individuals with developmental disabilities against a State, or an agency or instrumentality of a State." 42 U.S.C. § 15044(b).

59.   Like the DD Act, the PAIMI Act empowers P&A systems to "pursue administrative, legal and other appropriate remedies to ensure the protection of individuals with mental illness" and "the enforcement of the Constitution and Federal and State statutes." 42 U.S.C. §§ 10801(b)(2)(A), 10805(a)(1)(B).

60.   The federal regulations implementing the PAIMI Act specifically provide that a P&A system may "bring[] lawsuits in its own right to redress incidents of abuse or neglect, discrimination, and other rights violations." 42 C.F.R. § 51.6(f).

61.   Disability Rights Montana is the organization tasked by Congress with protecting and advocating for the rights of Montanans with disabilities through

activities authorized to ensure the enforcement of the Constitution and Federal and State statutes. *See e.g.,* 42 U.S.C. 10801(b)(1)-(2).

62.    As Montana's P&A system, Disability Rights Montana is expressly authorized to pursue legal, administrative, and other appropriate remedies to ensure the protection of, and advocacy for, the rights of individuals with disabilities.

## **LEGAL FRAMEWORK AND ALLEGATIONS**

63.    Montana receives funds under the IDEA to support the delivery of special education and related services in the state.

64.    Pursuant to the IDEA, the Superintendent of Public Instruction is responsible for ensuring that the school districts[1] and other educational programs for children with disabilities under the OPI's supervision and control provide appropriate special education services to Montana's residents.

65.    The IDEA provides in 20 U.S.C. § 1407 that each state that receives IDEA funds must "ensure that any State rules, regulations, and policies relating to this chapter conform to the purposes of this chapter."

66.    The IDEA in 20 U.S.C. § 1412(a)(11) requires that the SEA "is responsible for ensuring that – (i) the requirements of this subchapter [referring to 20 U.S.C. §§ 1411-1419] are met."

---

[1] Montana uses the term "school district" to refer to locally controlled school boards and their geographic boundaries. *See* Mont. Code Ann. § 20-6-101(1). IDEA includes school districts in the term "Local Educational Agency" (LEA) and calls the state administrative agency the "State Educational Agency" (SEA).  *See* 20 U.S.C. § 1401(19) and (32).

67.    Montana school districts control and operate adult education programs. Mont. Code Ann. § 20-7-702.

68.    Montana's adult education programs "may provide both basic and secondary general education." Mont. Code Ann. § 20-7-702.

69.    The OPI website states that these programs are available at "no cost." *Adult Education*, Montana Office of Public Instruction Website, https://opi.mt.gov/Families-Students/Student-Resources/Veterans-Adult-Education.

70.    Montana law does not require school districts to offer public special education to adults, as stated in Mont. Code Ann. § 20-7-411(4)(a): "The [school district] *may* provide or establish and maintain a special education program for a child with a disability who is 2 years of age or under or who is 19 years of age or older and under 22 years of age." (emphasis added).

71.    In 2021, the Montana Legislature enacted HB233, allowing school districts to continue to receive funding for the education of "[a] pupil with disabilities [receiving special education services] who is over 19 years of age and has not yet reached 21 years of age by September 10 of the school year" but did not require school districts to provide FAPE to these students. *See* Ch. 406, L. 2021, § 2(6)(c) (amending Mont. Code Ann. §§ 20-1-101 and 20-9-311).

72.    Upon information and belief, the adult education offerings advertised by OPI make no mention of any available special education services.

73.    Montana charter schools, school districts, education districts and other entities under the OPI's supervision and control provide public education, including elementary and secondary education, to adults.

74.    The IDEA mandates that a "free and appropriate public education" shall be "available to all children with disabilities . . . between the ages of 3 and 21, inclusive." 20 U.S.C. § 1412(a).

75.    Under the IDEA, states may limit age eligibility for special education students, but *only* to the extent it is limited for public education generally. 20 U.S.C. § 1412(a)(1)(B).

76.    Pursuant to 20 U.S.C. § 1412(a)(1)(B), the OPI is obliged to treat special education students the same as general education students with respect to age eligibility.

77.    Mont. Admin. R. § 10.55.805(4) grants high school diplomas to students who have "successfully completed the goals identified on an individualized education program for high school completion" rather than basing the issuance of a diploma on the graduation requirements applied to other students receiving a regular high school diploma.

78.    Mont. Admin. R. § 10.55.805(4) is inconsistent with 34 C.F.R. § 300.102(a)(3)(iv), which states that a regular high school diploma "shall not be

aligned to the alternate academic achievement standards described in section 1111(b)(1)(E) of the ESEA."

79.    Students who are granted regular high school diplomas no longer qualify for special education under the IDEA. 34 C.F.R. § 300.102(a)(3)(i).

80.    Students who are unable to complete a high school curriculum in a standard timeframe would benefit from extended special education to pursue a regular high school diploma, instead of having their education cut short by the issuance of an alternative diploma premised on completion of the student's IEP.

81.    Montana's disparity in awarding diplomas based on IEP completion rather than the standard curriculum denies students with a disability access to special education beyond age 18.

82.    There is no Montana law or regulation that imposes an age limitation on the entitlement to public education for non-special-education adults.

83.    Adult non-special-education students can earn a high school diploma or equivalency certificate through Montana's Workforce Innovation and Opportunity Act (WIOA) Adult Education Services.

84.    Montana's WIOA education system constitutes public education.

85.    Mont. Admin. R. § 10.16.3122(3) provides that "when the local educational agency provides education to students ages 19, 20, or 21, students of

the same age with disabilities will be provided a free appropriate public education in accordance with IDEA."

86.    Upon information and belief, in practice, this requirement to provide special education services under Mont. Admin. R. § 10.16.3122(3) to students with disabilities is not met by Montana's current adult education programs.

87.    Upon information and belief, the practice of granting 18-year-old special education students "diplomas" regardless of academic achievement permits local educational agencies to absolve themselves from attempting to meet the requirement to provide FAPE to 19, 20, and 21-year-old students with disabilities.

88.    20 U.S.C. § 1412(a)(1)(B) states that "[t]he obligation to make a [FAPE] available to all children with disabilities does not apply with respect to children . . . aged 3 through 5 and 18 through 21 in a State to the extent that its application to those children would be inconsistent with State law or practice, or the order of any court, respecting the provision of public education to children in those age ranges."

## CLASS ALLEGATIONS

89.    Plaintiffs A.H. through L.H., and A.K, through V.B., bring this action on their own behalf and on behalf of a class of all those similarly situated pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure. The proposed plaintiff class consists of:

All individuals who turned 19 within four years before the filing of this action or will turn 19 during the pendency of this action who are eligible or were eligible for a FAPE under the IDEA by any school district subject to the supervision and control of the OPI and who, but for their granting of a diploma pursuant to Mont. Admin. R. §10.55.805 or their turning 19, would otherwise qualify or would have qualified for a FAPE because they have not or had not yet earned a regular high school diploma ("the Plaintiff Class").

90.    Membership in the Plaintiff Class is so numerous that joinder of all members is impractical as there are, upon information and belief, hundreds of disabled Montana students who are receiving or have received a FAPE under the IDEA who are, were during the applicable limitations period, or will be between the ages of 19 and 22 and who but for their age would otherwise qualify or would have otherwise qualified for a FAPE.

91.    Common questions of law and fact exist, including the overarching issue of whether Mont. Code Ann. § 20-7-411(2), Mont. Admin. R. § 10.55.805, and the OPI's enforcement of that statute and regulation as to plaintiffs A.H. and A.K. and the Plaintiff Class violates the IDEA.

92.    The claim and injury of Plaintiff A.H. is typical of the claims and injuries of the other members of the Plaintiff Class because Plaintiff A.H is being denied any further receipt of a FAPE based on her completion of IEP requirements and was injured by this denial as she will no longer receive a FAPE after the 2024–25 school year despite being eligible to receive a FAPE until January 30, 2029

17

pursuant to the IDEA, which is the same injury that members of the Plaintiff Class have suffered, are suffering, or will imminently suffer.

93.    The claim and injury of Plaintiff A.K. is typical of the claims and injuries of the other members of the Plaintiff Class because Plaintiff A.K. is being denied any further receipt of a FAPE and he will no longer receive a FAPE after the 2025–26 school year despite being eligible to receive a FAPE until September 8, 2029 pursuant to the IDEA, which is the same injury that members of the Plaintiff Class have suffered, are suffering, or will imminently suffer.

94.    Plaintiffs A.H., through Plaintiff L.H., and A.K, through V.B., will fairly and adequately represent and protect the interests of the Plaintiff Class because Plaintiffs intend to prosecute this action vigorously to secure remedies for the Plaintiff Class.

95.    Counsel of record for Plaintiffs are experienced in federal civil rights litigation and class actions, including systemic litigation against state defendants challenging disability discrimination.

96.    Certification of the Plaintiff Class is appropriate pursuant to Fed. R. Civ. Proc. Rule 23(b)(2) because Defendants have acted or refused to act on grounds that apply generally to the Plaintiff Class and final injunctive or declaratory relief is appropriate for the Plaintiff Class as a whole.

## CLAIM FOR RELIEF
(Violation of the IDEA)

97.    Plaintiffs repeat and reallege each and every allegation above as if fully set forth.

98.    Under the IDEA, Defendants are obligated to provide a FAPE to all individuals with disabilities until such individuals reach their 22nd birthday unless to do so would be "inconsistent with State law or practice … respecting the provision of public education to children" in that age range. 20 U.S.C. § 1412(a)(1)(B).

99.    Under the IDEA, a "regular high school diploma means the standard high school diploma awarded to the preponderance of students in the state that is *fully aligned with state standards* … a regular high school diploma shall *not be aligned to the alternate academic achievement standards* described in § 111(b)(1)(E) of the ESEA." 31 C.F.R. § 300.102 (emphasis added).

100.    The ESEA in relevant part permits a state to "adopt alternate academic achievement standards for students with the most significant cognitive disabilities." 20 U.S.C. 6311(b)(1)(E)(i).

101.    The alternate diploma standards adopted by Mont. Admin. R. § 10.55.805 fall under the category of alternate achievement standards set by the ESEA and are therefore explicitly excluded from the definition of a "regular high school diploma" under the IDEA.

19

102.    Defendants have an obligation to continue providing students who graduate with alternate academic achievement standards a FAPE until age 22.

103.    Providing students with disabilities in Montana a FAPE until the student's 22nd birthday would not be inconsistent with any Montana law or practice respecting the provision of public education in general to individuals over the age of 19.

104.    Montana provides free, publicly funded adult education programs for the completion of secondary education to non-disabled individuals over the age of 19. *See High School Equivalency,* Montana Office of Public Instruction, https://opi.mt.gov/Families-Students/Student-Resources/High-School-Equivalency-GED-and-HiSET.

105.    The default age limitation of the IDEA continues to apply in Montana because students without disabilities who are over the age of 19 can still pursue the equivalent of a public high school education through the OPI's WIOA programs for free.

106.    Plaintiffs A.H. and A.K. and the members of the Plaintiff Class are entitled to a FAPE until they reach the age of 22.

107.    Defendants' refusal to provide Plaintiffs A.H. and A.K. and the members of the Plaintiff Class a FAPE violates the IDEA.

108.  Defendants have also violated 20 U.S.C. § 1407 by not ensuring that OPI's regulations conform to the IDEA.

109.  Defendants have violated 20 U.S.C. § 1412(a)(11) by failing to ensure that school districts under the OPI's supervision and control are meeting the requirements of 20 U.S.C. § 1412(a)(1)(B).

WHEREFORE, Plaintiffs pray that this Court:

(a)    Find and declare that Defendants' refusal to provide Plaintiffs A.H. and A.K. and the members of the Plaintiff Class with a FAPE on account of their age and issuance of non-standard diploma violates the IDEA;

(b)    Find and declare that, by this conduct, Defendants have violated 20 U.S.C. § 1407 and 20 U.S.C. § 1412(a)(11);

(c)    Find and declare that Mont. Code Ann § 20-7-411(2) and Mont. Admin. R. § 10.55.805(d) are invalid as contrary to the IDEA;

(d)    Enjoin Defendants from terminating the provision of FAPE as to Plaintiff A.H. and A.K. and the members of the Plaintiff Class who have not yet turned 22;

(e)    Award Plaintiffs their reasonable attorney's fees, costs, and expenses under any applicable law; and

(f)    Grant such other and further relief as this Court deems just and proper.

Respectfully submitted this 27th day of February, 2025

/s/ Tal M. Goldin
TAL M. GOLDIN
MICHELLE WELTMAN
DISABILITY RIGHTS MONTANA
1022 Chestnut St.
Helena, MT 59601

/s/ Jason H. Kim
JASON H. KIM*
SCHNEIDER WALLACE
COTTRELL KONECKY, LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
* To be admitted *pro hac vice*

/s/ Gerald S. Hartman
GERALD S. HARTMAN*
BARBARA MCDOWELL SOCIAL
JUSTICE CENTER
3607 Whispering Lane
Falls Church, VA 22041
* To be admitted *pro hac vice*

/s/ James D. Jenkins
JAMES D. JENKINS*
P.O. Box 6373
Richmond, VA 23230
* To be admitted *pro hac vice*

*Counsel for Plaintiffs*