IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| A.H., by and through her parent, L.H.; and A.K., by and through is parent, V.B., on behalf of a class of those similarly situated; and DISABILITY RIGHTS MONTANA,<br><br>Plaintiffs,<br><br>v.<br><br>SUSIE HEDALEN, in her official capacity as Montana Superintendent of Public Instruction; GREG GIANFORTE, in his official capacity as Governor of the State of Montana,<br><br>Defendants. | CV 25–20–H–DLC<br><br>ORDER |

The parties, through counsel, have jointly moved for entry of judgment pursuant to the terms of Defendants' accepted offer of judgment. (Doc. 24.) Defendants served Plaintiffs with an offer of judgment on July 25, 2025. (Doc. 23-1.) Plaintiffs filed the accepted offer of judgment, written notice of acceptance, and proof of service on August 8, 2025. (*See* Docs. 23; 23-1); *see also* Fed. R. Civ. P. 68(a) (providing that, "[i]f, within 14 days after being served [with an offer of judgment], the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk

1

must then enter judgment."). The Parties submitted a proposed form of judgment (Doc. 24-2), pursuant to Fed. R. Civ. P. 58. The Court has reviewed and approves the form of judgment submitted by the Parties.

Accordingly, IT IS ORDERED that the Motion (Doc. 24) is GRANTED. The Clerk shall close this case and enter judgment pursuant to the terms of Defendants' accepted offer of judgment in the form submitted by the Parties and approved by the Court, as provided below:

## JUDGMENT

Defendants served Plaintiffs with an offer of judgment on July 25, 2025. Doc. 23-1. Plaintiffs filed the accepted offer of judgment, written notice of acceptance, and proof of service on August 8, 2025. *See* Doc. 23; Doc. 23-1; *see also* Fed. R. Civ. P. 68(a) (providing that, "[i]f, within 14 days after being served [with an offer of judgment], the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment."). Accordingly, pursuant to Federal Rule of Civil Procedure 68, the Court enters the following judgment.

## CONSENTS AND STIPULATIONS

1. Defendants stipulate that, through the WIOA, Montana provides a form of "free public education" to students over the age of 19. Thus, Montana school

districts have an obligation under the IDEA to ensure a FAPE is made available to eligible students with disabilities until their 22nd birthday.

2. Defendants stipulate that, to the extent Mont. Code Ann. § 20-7-411(2) allows a school district to terminate special education services for eligible students before age 22 who have not earned a regular high school diploma, it violates the IDEA. *See N.D. v. Reykdal*, 102 F.4th 982 (9th Cir. 2024); *E.R.K. ex rel. R.K. v. Hawaii Dep't of Educ.*, 728 F.3d 982 (9th Cir. 2013); *see also A.R. v. Conn. State Bd. of Educ.*, 5 F.4th 155 (2d Cir. 2021); *K.L. v. Rhode Island Bd. of Educ.*, 907 F.3d 639, 655 (1st Cir. 2018).

3. Defendants stipulate that a diploma awarded for completion of IEP goals is not a "regular high school diploma" within the meaning of the IDEA and does not terminate the school district's obligation to ensure a FAPE is made available to a student who receives such a diploma based upon a lesser credential. *See* 34 C.F.R. § 300.102(a)(3)(i), (iv).

4. Defendants stipulate that Mont. Admin R. § 10.55.804(4) violates the IDEA to the extent that it allows a school district to terminate special education services for students who have not earned a regular high school diploma or reached the age of 22.

5. Montana law provides that school districts "may provide or establish and maintain a special education program for a child with a disability who is ...

19 years of age or older and under 22 years of age." Mont. Code Ann. § 20-7-411(4)(a).

6. Montana law authorizes Superintendent Hedalen to "supervise and coordinate the conduct of special education in the state" by, among other things, "ensuring that the requirements of the [IDEA] are met and that each educational program for a child with a disability, including a homeless child with a disability, administered within the state, including each program administered by any other agency, is under the general supervision of the superintendent of public instruction...and meets the requirements of the superintendent of public instruction...." Mont. Code Ann. § 20-7-403(11).

7. Pursuant to this authority, within 30 days of acceptance of this Offer of Judgment, Superintendent Hedalen will issue a guidance document to all Local Education Agencies ("LEA") and Special Education Cooperatives serving high school-aged students in Montana providing: (1) that a FAPE must be made available to all eligible disabled students until their 22nd birthday; and (2) that issuing a diploma based on the student's completion of his or her IEP goals *does not* terminate their eligibility under IDEA or the obligation to make a FAPE available to that student.

8. This guidance document will include the requirements of this Offer of Judgment and provide instructions on how to make a FAPE available to

eligible students under the age of 22, how to ensure a FAPE is made available to eligible students who were improperly exited during the 2024-2025 school year, and how to receive technical assistance from the Office of Public Instruction on compliance with this Offer of Judgment. The Guidance Document will inform LEAs that: (1) All LEAs in Montana must make a FAPE available to students with disabilities until their 22nd birthday or they are exited from special education; (2) Any eligible student who aged out prior to their 22nd birthday, or received a diploma based on modified requirements, during the 2024-2025 school year may enroll in the LEA in which they are eligible to receive a FAPE (*see* Admin. R. Mont. 10.16.3122, Mont. Code Ann. 20-7-420, and Mont. Code Ann. § 1-1-215), and the LEA must provide a FAPE to the student by implementing the student's last agreed upon IEP; (3) the LEA must contact each student identified via last known address and send them a copy of the Notice of the Offer of Judgment, Guidance Document and Notice to Student and Request for Enrollment Form referenced in Paragraph 16; and (4) the LEA must promptly reconvene the student's IEP team, within 30 days of receipt of a request for re-enrollment, to draft an updated IEP for the student.

9. With the Guidance Document, the Superintendent will provide a Notice to Student to be sent by the LEA to each eligible individual who was exited

during the 2024-2025 school year due to aging out before age 22 or being issued a diploma upon modified requirements, meaning they did not meet the minimum graduation requirements established by the Montana Board of Education, notifying them of the LEA's obligation to ensure a FAPE is made available until age 22. These individuals will be identified based on the "exit code" assigned by the LEA. The Notice to Student must be sent out within two weeks of the LEA's receipt of the Guidance Document. Upon receipt of the above information, the eligible individual will have thirty (30) days to request enrollment in the LEA in which they are eligible to receive a FAPE. A Request for Enrollment Form to make such a request will be included with the Notice to Student. If the individual does not notify the LEA in which they are eligible to receive a FAPE of the desire to enroll within thirty (30) days of receipt of the letter, the LEAs obligation to make a FAPE available will be deemed satisfied. The Notice to Student will also inform the recipient that, if an eligible student requests enrollment and the LEA refuses, the student may use any of the available dispute resolution options available under IDEA or contact OPI's Early Assistance Program for assistance.

10. Each LEA must report back to OPI by December 1, 2025, with the following information: (1) the name of each student to whom a notice under Paragraph 16 was sent out and documentation as to when it was sent; (2) the

name of each student who re-enrolled pursuant to the notice; and (3) the name of each student who did not respond.

11. The Superintendent will provide ongoing information, training, and technical assistance to parents and schools regarding the requirements of this Offer of Judgment. This will include widespread publication of the requirements to make a FAPE available until age 22 in plain English and accessible formats, amending any relevant OPI guidance documents, amending relevant special education forms, sending out guidance letters as needed, regularly incorporating these requirements into training and conference materials, and incorporating these requirements into IDEA "Child Find" activities.

12. OPI will ensure that Plaintiffs A.K. and L.H. are offered a FAPE until their 22nd birthday, or until exited from special education via appropriate procedures such as receipt of a regular high school diploma, as long as they remain eligible. *See* 34 CFR 300.305(e).

13. Going forward, OPI will ensure that a FAPE is made available to every eligible student until their 22nd birthday or until exited from special education via appropriate procedures, such as receipt of a regular high school diploma. This requirement will retroactively apply to any individual who was exited due to reaching the maximum age before age 22, or

receiving a diploma based on modified requirements, in the 2024-2025 school year. OPI will review and verify the documentation received from LEAs in paragraph 17, to ensure all eligible individuals who were reported to OPI through the exiting data collection in 2024-2025 were notified as required in this Offer of Judgement. OPI will incorporate future monitoring for compliance with this Offer of Judgment into its regular Integrated Monitoring Cycle.

14. Any disputes concerning compliance with this judgment will be brought in this Court. While this judgment is in effect, this Court has continuing jurisdiction to address such disputes.

15. Defendants made the offer of judgment solely for the purposes specified in Rule 68 of the Federal Rules of Civil Procedure, and that offer is not, and shall not be construed as an admission that Defendants are liable in this action.

16. The Parties have agreed to the following procedure to resolve payment of Plaintiff's attorney's fees and costs. To accomplish that, the parties stipulate as follows:

    a. The time for Plaintiffs to file their petition for fees and costs under F. R. Civ. 54(d)(2)(B) shall be extended until 45 days after the Court's entry of judgment.

    b. Within 10 days of Plaintiffs' acceptance of this Offer of Judgment, Plaintiffs shall provide to Defendants' counsel their detail of fees and costs.

    c. Defendants will have 10 days after receipt of Plaintiffs' detail of fees and costs to respond with any specific objections.

    d. The parties shall have 14 days thereafter to resolve the issue of fees and costs by agreement, which shall provide for payment of any agreed-upon fees and costs within 30 days of the date of the agreement. If the Parties cannot resolve the issue of fees and costs by that time, either party may provide notice to the other party and Plaintiffs may thereafter file their fee petition with the Court.

17. The judgment entered is to be in complete settlement and release of any and all claims and allegations by Plaintiffs individually against, implicating or involving defendants, whether or not known, asserted or suspected by Plaintiffs.

18. The judgment shall terminate upon a change in Montana statute mandating that a FAPE made available to all qualifying students until they reach the age of 22.

DATED this 13th day of August, 2025.

_____
Dana L. Christensen, District Judge
United States District Court